PROB 12B
(7/93)

# United States District Court

for

## District of New Jersey

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: James Hatton                                                          Cr.: 1:99-CR-0000-07

Name of Sentencing Judicial Officer:   The Honorable Joseph E. Irenas, Senior U.S. District Court Judge

Date of Original Sentence: October 17, 2003

Original Offense:  Conspiracy to Distribute More Than 500 Grams of Cocaine, 21 U.S.C. 846, (Count One)

Original Sentence: As to Count One, the defendant was committed to the custody of the U.S. Bureau of Prisons for a period of 92 months, to be followed by a five year term of supervised release. A special assessment in the amount of $100.00 was ordered. Special conditions of the defendant's term of supervised release were as follows: 1) Drug Aftercare Treatment and Testing, as directed by the U.S. Probation Office; 2) Financial Disclosure;  3) Mental Health Aftercare, as directed by the U.S. Probation Office.

Type of Supervision: Supervised Release                          Date Supervision Commenced:  June 17, 2005

## PETITIONING THE COURT

[ ]   To extend the term of supervision for         Years, for a total term of         Years.
[X]   To modify the conditions of supervision as follows.  The addition of the following special condition(s):

> The defendant is to be confined to his residence for a period of 3 months commencing at the direction of the U.S. Probation Office.  The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office.  The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures.  The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment.  The defendant shall comply with any other specific conditions of home confinement as the probation officer requires.  Costs of electronic monitoring, specifically $3.26 per day, shall be waived due to the defendant's inability to pay.

## CAUSE

On July 20, 2005, after discussion with Mr. Hatton regarding his prior history of getting in fights in bars, and his self-admitted history of aggressive and violent behavior when under the influence of alcohol, the offender was instructed that he was not to enter any bars. The offender acknowledged understanding this directive. On August 22, 2005, the offender admitted he had been in bars on several occasions since being instructed not to do so. This admission came after this officer confronted Mr. Hatton with the fact that he had recently been seen in a bar by an anonymous party.

On December 20, 2005, Mr. Hatton traveled to Philadelphia, PA, without advance approval or permission from our office. When questioned on January 18, 2006, regarding his unauthorized travel out of district, the offender admitted that he had in fact done so on or about December 20, 2005, and was aware that he was required to obtain permission in advance. He advised that he had gone over to the Carpenter's Union, located at 1803 Spring Garden Street, Philadelphia, PA to pick up his union book and card, but was aware that he should have obtained permission from our office, in advance.

Based on the above, we are requesting that Mr. Hatton be placed on Home Confinement with Electronic Monitoring for a period of 3 months. This condition will allow our office to keep track of Mr. Hatton's whereabouts, as well provide a reminder to Mr. Hatton that he is required to follow the directives of the Court and our office.

Attached Your Honor will find a Waiver of Hearing to Modify Conditions of Supervised Release to include a special condition for three months home confinement with electronic monitoring, with costs of Home Confinement to be waived, which was voluntarily signed by Mr. Hatton on January 27, 2006.

Respectfully submitted,

By: Colleen P. Butterwick
Senior U.S. Probation Officer
Date: February 7, 2006

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] The Extension of Supervision as Noted Above
[ ] No Action
[ ] Other

Signature of Judicial Officer

2/14/06
Date

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I, James Hatton, have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel,' I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows. The addition of the following special condition(s):

The defendant is to be confined to his residence for a period of 3 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. Costs of electronic monitoring, specifically $3.26 per day, shall be waived due to the defendant's inability to pay.

Witness: *(signature)* Colleen P. Butterwick
Senior U.S. Probation Officer

Signed: *(signature)* Probationer or Supervised Release
James Hatton

1/27/06
DATE